IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SANDRA J. BOYD,                                          CV 06-6090-MA

        Plaintiff,                              OPINION AND ORDER

   v.

JO ANNE B. BARNHART, Commissioner
of Social Security,


        Defendant.

**KATHRYN TASSINARI**
**ROBERT BARON**
474 Willamette, Suite 200
Eugene, OR  97401
(503) 686-1969

    Attorney for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**NEIL J. EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**FRANCO L. BECIA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2114

    Attorneys for Defendant

1- OPINION AND ORDER

**MARSH, Judge:**

## INTRODUCTION

Plaintiff Sandra J. Boyd (Boyd) seeks judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income (SSI) under Title XVI of the Social Security Act. 42 U.S.C. §§ 1381-83f. This Court has jurisdiction under 42 U.S.C. § 405(g).

Boyd moves this Court to remand her case for an immediate calculation of benefits. The Commissioner maintains that her decision is based on substantial evidence and should be affirmed.

After a thorough and careful review of the record, the Commissioner's decision is AFFIRMED.

## BACKGROUND

Boyd applied for disability on June 3, 2003, alleging she became disabled on February 10, 2002, due to degenerative disc disease and fibromyalgia. She was 43 years old at the time of her alleged onset of disability, with a GED and past work as a cook, caregiver, videotape inspector, gas station manager, gas station cashier, and grocery store clerk.

Following a hearing on April 22, 2005, before an Administrative Law Judge (ALJ), at which Boyd was represented by counsel, the ALJ issued a written decision on July 28, 2005, finding Boyd not disabled. This became the Commissioner's final

decision when the Appeals Council denied Boyd's request for review on March 8, 2006.

## **STANDARD OF REVIEW**

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to

3- OPINION AND ORDER

more than one rational interpretation.  <u>Andrews</u>, 53 F.3d at 1039-40.  If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner."  <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1156 (9th Cir. 2001).

## **DISABILITY ANALYSIS**

The Commissioner has established a five-step sequential process for determining whether a person is disabled.  <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.  The claimant bears the burden of proof at steps one through four.  <u>See</u> <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).  Each step is potentially dispositive.

Here, at step one, the ALJ found that Boyd had not engaged in substantial gainful activity since her alleged disability onset date.  <u>See</u> 20 C.F.R. § 404.1520(b).

At step two, the ALJ found that Boyd had "severe" degenerative disc disease treated by L5-S1 fusions x 2 in 1999, and "severe" asthma.  <u>See</u> 20 C.F.R. § 404.1520(c).

At step three, the ALJ found Boyd's impairments did not meet or equal the requirements of a listed impairment.  <u>See</u> 20 C.F.R. § 404.1520(d).

The ALJ assessed Boyd with the residual functional capacity (RFC) to perform a reduced range of sedentary exertional level work, limited by: the need to stand up for a few minutes after

4- OPINION AND ORDER

sitting for an hour; the need to avoid ladders, ropes, scaffolds, hazardous work locations, and high levels of air pollutants; the need to avoid repetitive bending, squatting and crawling. See 20 C.F.R. §§ 404.1520(e), 404.1545; see also Social Security Ruling (SSR) 96-8p.

At step four, the ALJ found Boyd remained capable of performing her past relevant work as a telephone solicitor. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f). Having found Boyd not disabled at step four, the ALJ did not reach step five of the sequential evaluation. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g).

## DISCUSSION

On appeal to this court Boyd alleges the ALJ erred by: (1) failing to provide legally sufficient reasons for rejecting her testimony; (2) failing to provide legally sufficient reasons for rejecting lay witness testimony; (3) finding her not disabled at step four of the sequential evaluation.

**I.    The ALJ's reasons for rejecting Boyd's testimony were clear and convincing, and based on substantial evidence.**

Boyd alleges the ALJ's reasons for discrediting her were not clear and convincing. The Commissioner avers that they were.

The ALJ is required to consider a claimant's testimony regarding subjective symptoms, such as pain or depression. 20 C.F.R. § 404.1529. However, the ALJ is not required to

5- OPINION AND ORDER

automatically credit the claimant's allegations, or disability benefits would be available on demand. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Rather, once the claimant has produced objective medical evidence of an impairment that could reasonably be expected to produce some degree of the symptoms alleged, assuming there is no evidence of malingering, the ALJ can only reject a claimant's testimony for clear and convincing reasons, supported by substantial record evidence. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see also Morgan v. Apfel, 169 F.3d 595, 599 (9th Cir. 1999).

Examples of clear and convincing reasons include: (1) a claimant's reputation for dishonesty, prior inconsistent statements concerning her symptoms, and other testimony by the claimant that appears to be less than candid; (2) unexpected or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) medical evidence tending to discount the severity of the claimant's subjective claims; and (4) inconsistency between the claimant's daily activities and the degree of disability she alleges. See Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001).

Here, the ALJ cited three of the above as reasons to reject Boyd. First, he observed that the objective medical evidence did not support the degree of impairment alleged by Boyd. He found

6- OPINION AND ORDER

that the most recent CT scan of Boyd's spine showed no evidence of canal stenosis, only mild stenosis at L4-L5, no disc herniation, and no abnormalities at L2-L4.  Further, the doctor who diagnosed her with "failed back surgery syndrome" refused to endorse specific functional limitations.

    The ALJ also found unfavorable the fact that while Boyd reported to her doctors and to the ALJ that she suffered from fibromyalgia, "the medical evidence of record does not indicate that any medical practitioner has [diagnosed or treated it]." The ALJ also found the medical evidence showed Boyd wasn't diagnosed with asthma until late 2004 (though she alleged disability beginning February 2002), and that proper use of a bronchodilator resulted in only mild symptoms.  Finally, the ALJ observed that the objective evidence did not substantiate a significant mood disorder.

    Boyd argues that the objective evidence does support her complaints of disabling back pain.  She points to her surgeries- an initial, failed fusion, and a subsequent fusion- and a pain stimulator implanted in her back, as evidence she has back pain. While surgery is certainly objective medical evidence of some degree of back pain, the ALJ could still reasonably conclude that Boyd's allegation of pain levels averaging 8 out of 10, where 10 was the worst pain she had ever experienced, was out of

7- OPINION AND ORDER

proportion with the objective signs and symptoms, such as the relatively normal CT scan following surgery.

The second reason the ALJ cited for rejecting Boyd's testimony was inconsistent reporting. He noted that her reports to physicians indicate that Boyd was experiencing less pain after her alleged onset of disability than before it, though she told the ALJ her pain had increased. He also noted that Boyd's reports to her doctors did not reflect complaints of needing to lie down most of the day. In fact, Boyd had complained in the past that her back pain is increased by lying down.

Boyd's contention that she did tell her doctors of the need to lie down on two occasions does not diminish the substantial evidence upon which the ALJ based his contrary finding.

Third, the ALJ found Boyd's activities were inconsistent with the degree of disability alleged. Of particular significance to the ALJ was Boyd's almost weekly shopping trips with her friend, Alice Lilly, involving a 30 minute drive each way and walking around in stores. The ALJ found the requirements of these trips exceeded Boyd's estimated need to lie down after just 5 to 15 minutes of standing or walking.

Boyd argues that Alice Lilly's testimony that Boyd is "unsettled" after these trips suggests her estimated limitations are accurate. Since the ALJ's resolution of this evidence, which

8- OPINION AND ORDER

is arguably susceptible to more than one rational interpretation, was reasonable, this court will not second guess it. <u>Edlund</u>, 253 F.3d at 1156.

## II. The ALJ's evaluation of lay witness testimony was legally sufficient.

According to Boyd, the ALJ wrongly rejected the lay witness testimony of her friend, Alice Lilly (Lilly). Lilly testified that Boyd accompanies her into town to go shopping, banking and run errands on a regular basis. She stated that Boyd is no longer able to do many things she used to do because she is in too much pain, evidenced by wincing when Boyd moves.

Lay witness testimony as to a claimant's symptoms or how an impairment affects her ability to work is competent evidence, which the ALJ must take into account. <u>See</u> <u>Nguyen v. Chater</u>, 100 F.3d 1462, 1467 (9th Cir. 1996)(finding the ALJ erred by failing to account for lay witness testimony about a claimant's serious coughing problems); <u>see also</u> <u>Dodrill v. Shalala</u>, 12 F.3d 915, 919 (9th Cir. 1993). However, medical diagnoses, such as that the claimant has a serious mental impairment as the result of a stroke, are beyond the competence of lay witnesses and therefore do not constitute competent evidence. <u>Vincent v. Heckler</u>, 739 F.2d 1393, 1394-95 (9th Cir. 1984); <u>cf</u>. <u>Nguyen</u>, 100 F.3d at 1467 (distinguishing lay witness testimony about a claimant's symptoms

from testimony involving medical conclusions or diagnoses).  The ALJ is required to account for competent lay witness testimony, and if he rejects it, to provide germane reasons for doing so. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

Here, contrary to Boyd's contention, the ALJ did not reject Lilly's testimony.  Rather, the ALJ stated that Lilly's testimony was "accepted as descriptive of [her] perceptions, but it does not provide sufficient support to alter the residual functional capacity arrived at herein."  As previously discussed, the ALJ rejected many of Boyd's subjective limitations.  Thus, this court reasonably infers that the ALJ found Lilly's observations to be credible, but representative of Boyd's own, unreliable self-assessment.  This finding is supported by substantial evidence.

**III. Substantial evidence supports the ALJ's step four finding.**

Boyd contends the ALJ erred by finding, at step four of the sequential evaluation, that she retains the ability to perform her past work as a telephone solicitor.  She argues that if the ALJ had credited her subjective need to rest or lie down for two hours during the work day he would not have found her capable of performing that job.

At step four of the sequential evaluation the claimant has the burden of showing that she can no longer perform her past relevant work.  See 20 C.F.R. § 404.1520(a)(4)(iv).  The ALJ may

10- OPINION AND ORDER

rely on a vocational expert (VE) at step four, to determine whether the mental and physical demands of a claimant's past relevant work exceed her residual functional capacity (RFC). 20 C.F.R. § 404.1520(f). If a claimant's past relevant work can be performed by someone with the claimant's RFC, the ALJ will find the claimant is not disabled. Id.

I find substantial evidence supports the ALJ's determination that Boyd failed to meet this burden. Having already concluded that the ALJ's rejection of Boyd's testimony should be affirmed, there isn't any basis for finding that the ALJ erred by not crediting her subjective limitations.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this _23 day of January, 2007.

/s/   Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge

11- OPINION AND ORDER